UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| CHRISTOPHER SEAN SAVOY, individually and derivatively on behalf of INTERNATIONAL COMMUNITY OF CHRIST, CHURCH OF THE SECOND ADVENT, a Nevada Non-Profit corporation,<br><br>Plaintiff,<br>v.<br><br>DOUGLAS EUGENE SAVOY, JR. an individual; THE HEAD OVERSEER (BISHOP) OF THE INTERNATIONAL COMMUNITY OF CHRIST, CHURCH OF THE SECOND ADVENT, AND HIS SUCCESSORS, A CORPORATION SOLE, a Nevada Corporation Sole; INTERNATIONAL COMMUNITY OF CHRIST, CHURCH OF THE SECOND ADVENT, a Nevada Non-Profit Corporation and Nominal Defendant, and DOES I-V, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00058-MMD-VPC<br><br>ORDER |

**I.     SUMMARY AND BACKGROUND**

This case comes before the Court through Defendants Douglas Eugene Savoy, Jr. and International Community of Christ, Church of the Second Advent's ("the Church") Petition for Removal. (ECF No. 1.) Plaintiff Christopher Sean Savoy filed this derivative action on January 26, 2017 in the Second Judicial District Court in Washoe County, Nevada, to assert claims for accounting, breach of fiduciary duties, and injunctive and declaratory relief under state law. (ECF No. 1-1 at 2-18.) Defendants removed the action

pursuant to 28 U.S.C. § 1331 on the ground that Plaintiff "seeks, in at least part, to interfere in the ecclesiastical matters of the Church, as prohibited by the First and Fourteenth Amendments to the United States Constitution." (ECF No. 1 at 2.) On February 1, 2017, the Court ordered Defendants to show cause as to why this Court has federal question jurisdiction (ECF No.12), as removal appears to be based on an affirmative defense. *See Vaden v. Discovery Bank*, 556 U.S. 49, 59 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense, [ ] or rest upon an actual or anticipated counterclaim[.]") Defendants responded (ECF No. 16) and Plaintiff replied (ECF No. 20).

For the reasons discussed below, Defendants have failed to provide a basis for federal jurisdiction, and therefore the case will be remanded to the Second Judicial District Court.[1]

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance*." Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

Federal district courts have "original jurisdiction of all civil actions arising under the ... laws ... of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

---

[1]The Court initially planned to set a hearing, but determined that a hearing is not necessary after reviewing the relevant documents and cases cited in Defendants' response.

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987). But "a case may not be removed to federal court on the basis of a federal defense[.]" *Id.* at 393.

**III. ANALYSIS**

Defendants argue that this Court has jurisdiction because the "federal question affects the elements of the tort" (ECF No. 16 at 23) and to "establish his prima facie case, [Plaintiff] must first identify which Church laws were broken, and what acts or omissions to act violated which laws," which "necessarily requires the Court to examine the Church canons." (*Id.* at 2.) The Court disagrees and finds that it cannot exercise jurisdiction over this case.

The Complaint contains four "claims for relief,"[2] which appear to be predicated upon state law. The first claim is for accounting under NRS § 82.186, which allows shareholders to obtain copies of a corporation's books and records upon request. (ECF No. 1-1 at 15.) The second claim alleging breach of fiduciary duty is based on the duties imposed under NRS § 82.221 on corporate directors and officers to act in good faith and in the interests of the corporation. (*Id.* at 16.) The other two claims are requests for relief rather than independent causes of action, and, according to Plaintiff, implicate NRS §§ 30 and 33. (*Id.*) Thus, the face of Plaintiff's complaint contains claims based only on state law.

Defendants contend that the omitted but necessary federal question in the Complaint is: "[t]o what extent may the Court inquire into Church doctrine in order to determine whether the Bishop has violated the Church's codes of canon law and thereby

---

[2]There appear to be only two causes of action alleged in the Complaint. The other two "claims" are requests for specific kinds of relief—injunctive and declaratory relief. *See In re Wal-Mart Wage and Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (clarifying that "[a]lthough denominated as a separate claim, count nine is not a separate cause of action but a request for relief" and "is not an independent ground for relief".); *see also Fung Ying Leung v. Mortg. Elec. Registration Sys., Inc.*, No. 2:12-CV-1393 JCM VCF, 2013 WL 237225, at *6 (D. Nev. Jan. 22, 2013) ("[D]eclaratory relief is not an independent cause of action … [m]oreover, the declaratory relief 'claim' fails because it is duplicative and only asserts violations alleged in the other causes of action already contained in the complaint.")

breached his fiduciary duties?" (*Id.* at 11.) However, this "federal question" merely implicates a potential defense of ecclesiastical abstention and does not affect the Court's analysis of subject matter jurisdiction. Under the ecclesiastical abstention doctrine, courts may decide disputes involving religious organizations only if they do not resolve underlying controversies about religious doctrine, such as church liturgy or tenets of faith. *See Puri v. Khalsa*, 844 F3d 1152, 1164 (9th Cir. 2017). Thus, this doctrine would require a court to consider only whether the Church, as a corporation, and the Head Bishop, as a corporate officer, complied with both Nevada law and the corporation's articles of incorporation and by-laws. The doctrine may be invoked by a defendant or the court to limit the court's analysis once subject matter jurisdiction has been established. *See Serbian Eastern Orthodox Diocese for the U.S. of America and Canada v. Milivojevich*, 426 U.S. 696 (1976) (holding that where, in adjudicating an intrachurch dispute a court evaluated whether decisions of the highest ecclesiastical tribunal complied with internal church laws, such an analysis contravened the First and Fourteenth Amendments); *see also Puri*, 844 F.3d at 1164 (finding that the ecclesiastical abstention doctrine acts as a qualified limitation to preclude a court from resolving underlying controversies over religious doctrine when deciding a case). Despite Defendants' protestations to the contrary, Plaintiff's references to "church canon" and "church law" do not change the character of the underlying claims, which are based solely on violations of Nevada law.

Defendants rely on three cases to support their contention that a court's analysis of the Head Bishop's duties under Church canon law will raise a unique federal question. (*See* ECF No. 16 at 15-16.) However, these cases are distinguishable, as the complaint in each of these cases contained at least a claim that could be resolved only through considerations of federal law, not state law. In *Oneida Indian Nation v. County of Oneida*, the plaintiffs alleged that the sale of land to New York state in 1795 was void because it was made without the consent of the United States, as was required by federal law. *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 664 (1974). Because the possessory interest for which the plaintiffs brought suit was established by federal treaty,

the threshold analysis of whether the 1795 sale was valid was governed by federal law. *See id*. at 677. Similarly, in *Chilkat Indian Village v. Johnson*, the plaintiffs, in part, sought enforcement of an ordinance against non-Indian defendants, which had been enacted pursuant to the Indian Reorganization Act. *Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1473 (9th Cir. 1989). The court determined that adjudication of this claim required considerations of federal common law. *See id*. at 1474 n.9. In *Morongo Band of Mission Indians v. Rose*, the plaintiffs brought suit against a non-Indian resident, which required the court to rely exclusively on principles of federal common law. *Morongo Band of Mission Indians v. Rose*,1893 F.2d 1073, 079 (9th Cir. 1990). By contrast, here, the ecclesiastical abstention doctrine acts only as a limitation on what evidence a court may look at in its analysis; subject matter jurisdiction still requires that at least one claim in the Complaint be analyzed solely under considerations of federal law. In this case, a court will analyze Plaintiff's claims for accounting and breach of fiduciary duty solely under the framework of state law.

Defendants further argue that the fourth claim for relief implicates federal law. The fourth claim seeks declaratory relief that establishes the "extent and nature of [Plaintiff's] property and civil rights in relation to the Church." (ECF No. 1-1 at 17.) Defendants' argument assumes that the fourth claim for declaratory relief is a standalone claim, and Defendants contend that such a declaration requires the Court to consider the permissibility of the Church's determination as to who can act as its ministers. (*See* ECF No. 16 at 6.) Even assuming that the ministerial exception would apply to such a claim, this exception acts as an affirmative defense, not as a conferral of federal question jurisdiction. *See Hosana-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171, 195 n.4 (2012) (finding that the ministerial exception operates as an affirmative defense); *see also Puri*, 844 F.3d at 1168 ("The ministerial exception is an affirmative defense.").

///

///

Because Defendants have not shown an exception to the well-pleaded complaint rule, the Court finds that Defendants, who bear the burden of establishing federal jurisdiction, have failed to show cause why the case should not be remanded.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the Court's determination of subject matter jurisdiction.

It is therefore ordered that this case be remanded consistent with this order.

The Clerk is instructed to close this case.

DATED this 26th day of April 2017.

MIRANDA DU
UNITED STATES DISTRICT JUDGE